20592

The STATE, Respondent, v. Rhea BURGESS, Appellant.
(241 S. E. (2d) 413)

*Henry Summerall, Jr., for Appellant,*

*Daniel R. McLeod, Atty. Gen.,* and *Joseph R. Barker, Asst. Atty. Gen.,* of Columbia, *for Respondent,* 

January 30, 1978.

RHODES, Justice:

This appeal is from a conviction for contempt of court on a charge of jury tampering. The trial court imposed a sentence of thirty (30) days imprisonment in the Aiken County Jail. We affirm.

The present case is closely related to the case of *State v. Bowers,* S. C., 241 S. E. (2d) 409, filed January 30, 1978. These cases arose out of alleged jury tampering in the case of *State v. Cleo Scott.* Mrs. Scott, Clerk of Court and Registrar of Mesne Conveyances for Aiken County, was tried in the Court of General Sessions for Aiken County on June 22, and 23, 1976 upon several counts of embezzling funds of Aiken County. She was acquitted.

Both the appellant in the subject case and Donnie Bowers are represented by the same counsel. The two cases were consolidated for purposes of oral argument. The exceptions filed and the five questions argued in the appellant's brief in each case are identical. The opinion in the *Donnie Bowers* case is fully dispositive of the first, second, third and fifth ques-

tions raised in the instant case and is adopted. The fourth question raised in this appeal will be treated herein since it is directed to the sufficiency of the evidence to sustain conviction.

The State's case against the appellant consisted of the testimony of Clara Cook, the member of the jury panel whom appellant had contacted. Mrs. Cook, who was employed in a clothing store in Aiken known as the "Casual Hut", testified that she was summoned the week of June 14th, 1976, for petit jury duty in Aiken County to serve the week of June 21, 1976. On Wednesday before her jury service was to begin the next Monday, she received a telephone call from the appellant at her home. Mrs. Cook testified that although she had casually known appellant for some fifteen (15) years, she saw her only "several" times a year and was "shocked" to receive a telephone call from her. The appellant first inquired of Mrs. Cook as to whether certain clothing she had special-ordered from the Casual Hut had arrived. Appellant then told Mrs. Cook that she wanted to know her feelings as to Mrs. Scott. She also told Mrs. Cook that she knew she had been selected to serve on the jury panel. She further told Mrs. Cook that Mrs. Scott was doing a good job as a county official, and that there was an attempt to get those people out of office.

The appellant testified that she contacted Mrs. Cook solely for the purpose of ascertaining whether her clothing had arrived; that she did not know Mrs. Cook was a member of the jury panel; that she mentioned the name of Cleo Scott purely as idle conversation since it was a matter of intense public interest at the time; and, she denied any purpose of attempting to influence Mrs. Cook as a juror.

It is elementary that in determining whether evidence is sufficient to sustain conviction, it must be viewed in the light most favorable to the State. In applying this principle and the controlling principles set forth in the *Donnie Bowers* case, *supra,* the evidence presented in this

case is sufficient to support the finding of the trial judge that the appellant contacted Mrs. Cook for the purpose of attempting to improperly influence her actions as a juror.

The opinion in *State v. Donnie Bowers, supra,* is included herein by reference.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.